UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATALINA BUTTZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARIUS MOHSENIN, an individual; REDBOOK RESIDENTIAL, an entity of unknown type; NURI N. MOHSENIN, individually and as trustee of the MOHSENIN FAMILY TRUST; and DOES 1 to 50, inclusive,<br><br>　　　　　Defendants. | Case No.   5:15-cv-01666-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. Nos. 19, 20 |

Plaintiff Catalina Buttz sues for alleged violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788-1788.32.  She also claims that defendants harassed her and invaded her privacy.

Buttz filed her complaint on April 12, 2015.  She subsequently filed proofs of service showing that defendant Darius Mohsenin was personally served on April 14, 2015 at his residence (which he shares with his father, defendant Nuri Mohsenin)[1] and that defendant Redbook Residential was served (via service on Darius) on that same date.  (Dkt. Nos. 9-10).  Shortly after,

---

[1] To avoid confusion, this court will refer to Darius Mohsenin as "Darius" and to his father as "Nuri."

plaintiff filed another proof of service showing that Nuri was served at home (via substitute service on Darius) on April 21, 2015. (Dkt. 12). Based on these service dates, Darius and Redbook Residential's responses to the complaint were due by May 5, 2015 and Nuri's was due by May 12, 2015. Fed. R. Civ. P. 12(a). No responses having been filed by any defendants, plaintiff moved for entry of their default. The Clerk of the Court entered default as to each defendant on May 27, 2015. (Dkt. Nos. 14-15).

In view of plaintiff's stated intent to move for entry of default judgment, this court vacated the Initial Case Management Conference and set an August 14, 2015 deadline for plaintiff's anticipated motion. Plaintiff did not file her motion for default judgment until August 16. But, in any event, defendants appeared about a week later and filed a motion to set aside their default. Defendants contend that their default must be set aside because they were not actually served. They oppose plaintiff's motion for entry of default judgment on that same basis. Even if they were properly served, defendants argue that there is good cause to set aside their default anyway because they have a meritorious defense as to plaintiff's debt collection claims.

Due to some procedural wrangling by the parties and one scheduling conflict, there has been some delay in the resolution of the pending motions. Over plaintiff's objection, this court granted defendants' request to consolidate the hearings on the parties' respective motions and set both motions for an October 13, 2015 hearing. (Dkt. 27). Plaintiff subsequently moved to continue the motion hearings for at least 60 days so that she could conduct some early discovery. Plaintiff's request for leave to conduct early discovery was denied. And, although plaintiff failed to file any opposition to defendants' pending motion (and all filing deadlines had, by that time, long since passed), this court, in its discretion, re-opened briefing, re-set the opposition and reply deadlines, and continued the motion hearings to November 3. (Dkt. 33). This court subsequently granted the parties' stipulated request for a further continuance of the motion hearings because it was told that defense counsel had been summoned for jury duty during the week when the motions were to be heard. (Dkt. 35). In that stipulated request, there was a suggestion that plaintiff, who again failed to file any opposition or reply by the court-ordered deadlines, intended to ask for yet another extension of briefing deadlines. No such request was received by this court, and briefing

has long since closed.  Nor has this court received any opposition from plaintiff as to defendants' motion to set aside their default or any reply re her own motion for entry of default judgment.

The parties' pending motions are deemed suitable for determination without oral argument, and the November 24, 2015 hearing is vacated.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective arguments, this court grants defendants' motion to set aside their default and denies plaintiff's for entry of default judgment.[2]

The court finds that it is most efficient to first determine whether defendants' motion to set aside should be granted.

The court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  In determining whether there is good cause the court must consider three factors:  (1) whether defendants engaged in culpable conduct that led to the default; (2) whether defendants have no meritorious defense; or (3) whether reopening the default judgment would prejudice Buttz.  United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).  A finding that any one of these factors is true is sufficient basis to refuse to set aside defendants' default.  Id.  Even so, the Ninth Circuit has cautioned that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"  Id. (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

Here, defendants have submitted evidence, in the form of declarations and exhibits, indicating that they were not properly served.  Specifically, Darius says he was not at home at the time he reportedly was personally served there.  (See Dkt. 20-1, Declaration of Darius Mohsenin ¶¶ 1-9, Exs. 1-6; Dkt. 20-2, Declaration of Wendy LaRiviere).  Nuri avers that he is 92 years old and cannot walk; as such, he never answers the door at home and says that he was never handed any papers by anyone identifying himself or herself as a process server.  (Dkt. 20-3, Declaration of Nuri Mohsenin).  Instead, defendants say that sometime in April 2015, Nuri's caregiver simply found an envelope lying on the front porch; she brought the envelope inside and placed it on a table, but never told anyone about it.  (Dkt. 20-4, Declaration of Faustine Penny).  Darius attests

---

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

that he never received any papers from a process server pertaining to this case and that, sometime after April 22, he found an envelope containing the complaint and summons under a pile of newspapers in the house. (Declaration of Darius Mohsenin ¶¶ 10-12). Nuri says that he never received any papers about this suit until Darius showed him a copy of the complaint in about mid-August. (Dkt. 20-3, Declaration of Nuri Mohsenin ¶ 5). Plaintiff has not refuted this evidence. Lack of service alone is sufficient basis to set aside defendants' default.

Nevertheless, this court also finds good cause to do so because all three factors weigh in defendants' favor. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." Mesle, 615 F.3d at 1092 (citations omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. (citations omitted). The record presented indicates that Darius has had actual knowledge of the present lawsuit since at least April 2015. Indeed, by April 1, 2015, defendants apparently had retained an attorney to represent them. (Dkt. 19, Declaration of Elliott H. Stone ¶¶ 7-8, Exs. F and G). However, by May 5, defendants advised that they were in the process of seeking a new attorney, and their prior attorney confirmed that she no longer represented them. (Id. ¶¶ 9-10, Exs. H and I). And, defendants' present counsel, John C. Brown, averred that he was retained shortly before mid-August 2015. (Dkt. 21-1, Declaration of John C. Brown ¶ 4). Plaintiff says that Darius (who either is planning to attend or currently is attending law school) is no stranger to litigation and is involved in myriad court cases. (Dkt. 19, Stone Decl., ¶ 6, Ex. E). Even so, under the circumstances presented, this court cannot find that defendants' failure to answer was based on a bad faith intent to take advantage of Buttz, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

Defendants also contend that they have a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Mesle, 615

4

F.3d at 1094 (citation omitted).  All defendants need to do is allege sufficient facts that, if true, would constitute a defense.  Id.  The question whether defendants' allegations actually are true is not to be determined by the court when deciding whether to set aside their default; rather, that is an issue for the later litigation.  Id.  Here, defendants contend that they are not "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), or the RFDCPA, Cal. Civ. Code § 1788.2(c).  Instead, Darius claims that he is simply a landlord who receives rent; defendants contend that that they are not the agents or alter egos of one another; and defendants claim that all of plaintiff's other allegations are false.  Solely for the purpose of resolving the instant motions, this court concludes that defendants have alleged facts that, if true, would constitute a defense to at least plaintiff's debt collection claims.

As for the final factor, setting aside a defendants' default may be prejudicial if doing so would hinder Buttz's ability to pursue her claims.  Falk, 739 F.2d at 463; see also Mesle, 615 F.3d at 1095 (stating that prejudice requires more than showing that setting aside a default would delay resolution of the case).  Plaintiff has presented no basis to conclude that setting aside defendants' default would be prejudicial.

Based on the foregoing, defendants' motion to set aside their default is granted, and plaintiff's motion for entry of default judgment is denied.  **No later than November 30, 2015**, plaintiff shall effect service of process on defendants.[3]  This court expects defense counsel to cooperate with plaintiff's counsel as to the acceptance of service of process and the most expedient manner in which service is to be effected.  The Initial Case Management Conference is re-set for **January 26, 2016, 1:30 p.m.**, and all related deadlines (see Dkt. 6, Initial Case Management Scheduling Order with ADR Deadlines) are adjusted accordingly.

SO ORDERED.

Dated:   November 19, 2015

HOWARD R. LLOYD
United States Magistrate Judge

---

[3] Ordinarily, service of process must be made within 120 days after the complaint is filed.  Under the circumstances, however, and in view of the passage of time required for resolution of the instant motions (as discussed above), this court extends the time for service.  Fed. R. Civ. P. 4(m).

5:15-cv-01666-HRL Notice has been electronically mailed to:

Elliott H Stone     ehstone@stonelawpc.com, ecf@stonelawpc.com

John Calvin Brown , III     jbrown@cornerlaw.com