UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATALINA BUTTZ,<br><br>          Plaintiff,<br><br>     v.<br><br>DARIUS MOHSENIN, an individual; REDBOOK RESIDENTIAL, an entity of unknown type; NURI N. MOHSENIN, individually and as trustee of the MOHSENIN FAMILY TRUST; and DOES 1 to 50, inclusive,<br><br>          Defendants. | Case No. 5:15-cv-01666-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**[1]<br><br>Re: Dkt. No. 51 |

According to her complaint, plaintiff Catalina Buttz previously leased residential property from defendants and subsequently fell behind on the rent. She sues for alleged violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788-1788.32. She also claims that defendants harassed her and invaded her privacy. Defendants answered the complaint, denying the allegations of wrongdoing. Defendant Darius Mohsenin, doing business as Redbook Residential, also asserted a counterclaim for breach of the rental agreement, seeking payment of

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

rent and fees allegedly owed.[2]

Pursuant to Fed. R. Civ. P. 12(b)(1), Buttz now moves to dismiss the counterclaim for lack of subject matter jurisdiction,[3] arguing that the counterclaim is not compulsory with respect to her claims and also does not fall within this court's supplemental jurisdiction. She argues, in passing, that the counterclaim also violates public policy and amounts to a Strategic Lawsuit Against Public Participation (SLAPP), saying that the counterclaim was filed to punish her for pursuing her debt collection claims. Mohsenin does not contend that the counterclaim is compulsory. He agrees that the counterclaim is a permissive one and argues that this court properly may exercise supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367. The matter is deemed suitable for determination without oral argument, and the April 26, 2016 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving papers and opposition,[4] this court denies the motion.

## LEGAL STANDARD

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). Here, Buttz raises a facial attack, asserting that the counterclaim allegations, even if true, are insufficient on their face to invoke federal jurisdiction. Thus, all material allegations of the counterclaim are presumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.[5] Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)

---

[2] Defendants say that Nuri Mohsenin is the trustee of the Mohsenin Trust and had nothing to do with the events forming the basis for this lawsuit. Because Nuri Mohsenin is not before the court on this motion, and to avoid confusion, all further references to "Mohsenin" in this order means Darius Mohsenin.

[3] Inasmuch as the present motion is Buttz's response to defendants' amended answer (Dkt. 39), it should have been filed no later than February 1, 2016. Fed. R. Civ. P. 15(a)(3) and 6(a)(1)(C). Indeed, the court told plaintiff so during the initial case management conference. However, the motion was not filed until over a month later on March 3, 2016 and only after defendants moved for entry of Buttz's default. Although the court has accepted and considered plaintiff's motion, it does not condone the untimeliness of the filing and warns plaintiff against future noncompliance with deadlines.

[4] Plaintiff did not file a reply.

[5] Because plaintiff raises a facial attack on jurisdiction, evidence beyond the pleadings cannot be

(quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).

## DISCUSSION

As discussed above, Mohsenin does not contend that the counterclaim is compulsory.[6] So, the only apparent dispute is whether this court properly may exercise supplemental jurisdiction over defendant's permissive counterclaim. A permissive counterclaim is one that does not arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(b).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, was enacted in 1990 and provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).[7] Permissive counterclaims traditionally were required to have an independent basis for jurisdiction. However, where a counterclaim meets the requirements of § 1367(a), "a court may exercise supplemental jurisdiction over such claim, even if no independent basis for jurisdiction exists." Koumarian v. Chase Bank USA, N.A., No. C08-4033 MMC, 2008 WL 5120053 at *2 (N.D. Cal., Dec. 3, 2008) (citing Jones v. Ford Motor Co., 358 F.3d 205, 213 (2d Cir. 2004) and Channell v. Citicorp Nat'l Servs. Inc., 89 F.3d 379, 385 (7th Cir. 1996)); see also Woodrow v. Satake Family Trust, No. C06-2155 WDB, 2006 WL 2092630 at *2 (N.D. Cal., July 27, 2006) ("Where no such independent basis exists, courts routinely exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) where the federal and state claims form part

---

considered without converting the instant motion to one for summary judgment. See Safe Air for Everyone, 373 F.3d at 1039. The court therefore has not considered the Declaration of John C. Brown or any of the appended exhibits submitted in support of Mohsenin's opposition brief.

[6] A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A), (B).

[7] Although plaintiff argues at length about the jurisdictional test set out in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), she acknowledges that Congress codified Gibbs as 28 U.S.C. § 1367. (Dkt. 51 at ECF p. 9 n.31).

3

1    of the same case or controversy under Article III of the United States Constitution and arise from a
2    common nucleus of operative facts.").
3        Because defendant's counterclaim bears a logical and factual relationship to plaintiff's
4    claims in that it is related to a debt allegedly incurred by plaintiff, supplemental jurisdiction exists
5    over the counterclaim under § 1367(a).  See, e.g., Koumarian, 2008 WL 5120053 at *2-3
6    (concluding, in an FDCPA case, that supplemental jurisdiction existed over defendant's
7    counterclaim for breach of contract because they both related to the debt plaintiff allegedly owed).
8    Indeed, Koumarian observed that "[i]n numerous cases brought under the FDCPA, district courts
9    have held supplemental jurisdiction to exist over the defendant's counterclaim for the underlying
10   debt." Id. at *3 (citing cases).
11       Even where supplemental jurisdiction exists, however, district courts may decline to
12   exercise such jurisdiction where:
13      (1) the claim raises a novel or complex issue of State law;
14      (2) the claim substantially predominates over the claim or claims over which
15      the district court has original jurisdiction;
16      (3) the district court has dismissed all claims over which it has original jurisdiction; or
17      (4) in exceptional circumstances, there are other compelling reasons for declining
18      jurisdiction.
19   28 U.S.C. § 1367(c).  Defendant's breach of contract counterclaim does not raise a novel or
20   complex issue of state law.  There is no indication that the counterclaim substantially
21   predominates over plaintiff's FDCPA claim.  And, plaintiff's FDCPA claim has not yet been
22   dismissed.
23       Nor does this court find exceptional circumstances that might present compelling reasons
24   to decline jurisdiction.  Buttz says that Mohsenin is a vexatious litigant who sued to recover the
25   rent allegedly owed in order to retaliate against her for pursuing her debt collection claims and to
26   "stifle" her efforts to challenge the alleged debt collection abuses.  At the moment, however, those
27   are simply her contentions---and disputed ones at that.  Assuming that Buttz did breach her rental
28

agreement and that she does owe rent and fees,[8] then this court finds no basis on the present record to conclude that Mohsenin harbored some nefarious motive in suing to recoup those sums. For the same reasons, this court finds no basis to credit plaintiff's cursory argument that the counterclaim is a SLAPP.

In any event, Mohsenin claims that the rent and fees sought by the counterclaim comprise only 20% of the sums plaintiff reportedly has said she might seek in damages. So, the counterclaim appears unlikely to have a "chilling effect" on Buttz's debt collection claims. See Koumarian, 2008 WL 5120053 at *4 (rejecting plaintiffs' "chilling effect" argument, in view of the relatively small amount of the alleged debt in question).

Buttz argues that "the issue of the underlying debt would confuse or prejudice the trier of fact," (Dkt. 51, Mot. at ECF p. 11:10-11), but fails explain why that is so. She also argues that the counterclaim would be best handled in state court, but does not say why. And, considerations of judicial economy, convenience, and fairness to litigants weighs in favor of keeping the counterclaim here. See, e.g., Woodrow, 2006 WL 2092630 at *2 ("[I]t is not at all clear that individual plaintiffs (not part of a class), including Plaintiffs here, would be better off having a separate action filed in state court or small claims court, rather than defending a counterclaim in an action they brought in a forum they chose.").

Accordingly, the court finds no reasons to decline supplemental jurisdiction over Mohsenin's counterclaim.

**ORDER**

Based on the foregoing, plaintiff's motion to dismiss is denied.

SO ORDERED.

Dated: April 14, 2016

HOWARD R. LLOYD
United States Magistrate Judge

---

[8] As discussed above, for purposes of resolving this motion, the court is obliged to accept the counterclaim allegations as true.

5

5:15-cv-01666-HRL Notice has been electronically mailed to:

Elliott H Stone     ehstone@stonelawpc.com, ecf@stonelawpc.com

John Calvin Brown , III     jbrown@cornerlaw.com